UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gregory T. Howard,

    Plaintiff,

v.

United States District Court for the
District of Columbia and District Judge
Colleen Kollar-Kotelly,

    Defendants.

Civil Action No. 10 1114

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court will dismiss this case on all three grounds.

Plaintiff is a resident of Toledo, Ohio. He seeks the issuance of a writ of mandamus against United States District Judge Kollar-Kotelly of this Court to compel her to vacate the dismissal order issued on March 30, 2009 in *Howard v. United States District Court for the Southern District of Ohio*, Civ. Action No. 09-531 (CKK) ("*Howard* I"), and to transfer that case to the Southern District of Ohio. The complaint fails to state a claim because the mandamus statute applies to "officer[s] or employee[s] of the United States or any agency thereof[,]" 28 U.S.C. § 1361, as to "matters arising in the executive branch and its administrative agencies." *Seltzer v. Foley*, 502 F. Supp. 600, 602 n.2 (S.D.N.Y. 1980). The complaint is frivolous because

the docket of *Howard* I, which plaintiff has attached to the current complaint, shows that Judge Kollar-Kotelly dismissed the case for lack of subject matter jurisdiction, denied plaintiff's various post-judgment motions, *see* Minute Order of May 21, 2009, and most recently denied plaintiff's Rule 60(b) motion seeking the same relief sought in this case and his motion to appeal *in forma pauperis*. *See* Order of April 16, 2010 [Dkt. No. 24]. In addition, the *Howard* I docket shows that on July 10, 2009, the United States Court of Appeals for the District of Columbia Circuit summarily affirmed Judge Kollar-Kotelly's dismissal order, *see* Dkt. No. 17 (Mandate of USCA), and plaintiff has attached to the current complaint the D.C. Circuit's most recent order denying his motion to proceed there *in forma pauperis* because "[t]he district court correctly certified that the appeal [from the Rule 60(b) denial] is not taken in good faith." Pl.'s Ex. 7. A complaint may be dismissed as frivolous when, as here, "there is indisputably absent any factual and legal basis for the asserted wrong." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984).

The complaint is malicious because in *Howard* I, plaintiff was told more than once that he had no further recourse in this Court and was effectively barred from filing any more post-judgment motions. *See* Order of April 16, 2010. Yet, plaintiff persists in beating a dead horse by filing a new action based on decidedly frivolous issues. *See Schwarz v. U.S. Dep't of Treasury*, 131 F. Supp. 2d 142, 148 (D.D.C. 2000) (warning that "[a]ny further attempt to litigate [repetitive] claim[s] is [] subject to dismissal as malicious").

For the foregoing reasons, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: June 28, 2010

2